AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

☑ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
Northern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>12351 State Route 34, Cato, New York  13033,<br>as further described in Attachment A | )<br>)<br>)<br>)<br>) |

Case No.    5:25-SW- 211  (TWD)

USAO No. 2025R00368

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Northern_____ District of _____New York_____
*(identify the person or describe the property to be searched and give its location)*:

12351 State Route 34, Cato, New York  13033,
as further described in Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____September 9, 2025_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Hon. Therese Wiley Danks_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    *Aug 28, 2025 @ 3:09 pm*          _____
                                                            *Judge's signature*

City and state:    _____Syracuse, New York_____          Hon. Therese Wiley Danks, U.S. Magistrate Judge
                                                            *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  5:25-SW- 211  (TWD) | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
                                                                *Executing officer's signature*

_____
                                                                *Printed name and title*

**ATTACHMENT A**

**LOCATION TO BE SEARCHED**

Nutrition Bar Confectioners facility, located at 12351 State Route 34, Cato, NY, a 60,000 square foot facility, located on an 80 Acre property, as depicted in the pictures below:



Page **1** of **3**





**ATTACHMENT B**
**ITEMS TO BE SEIZED**

1)      Items evidencing violations of Title 8, United States Code, Section 1342(a) (Employing

Unauthorized Aliens), Title 18, United States Code, Section 1028 (Fraud and Related Activity in

Connection with Identification Documents, Authentication Features and Information); and Title

42, United States Code, Section 408(a)(7)(B) (Use of a False Social Security Number), to include

the following:

    a.  All records pertaining to conducting financial transactions involving the employment of

      individuals;

    b.  Computers, laptops, hard drives, computer disks, compact disks, jump drives, thumb drives

      or other medium utilized to store data or information and the contents of those items.

    c.  Electronic or paper records, to include computers,  pertaining to the employment,

      termination, payment of all current and former employees;

    d.  Equipment used and commonly associated with the manufacturing of fraudulent ID cards,

      to include printers, ink, blank card stock, ink cartridges;

    e.  Any books, records, receipts, notes, ledgers, journals, travel documents and other papers

      relating to the employment of individuals not legally present in the United States;

    f.  Addresses and/or telephone books, the contents of any telephones; caller ID boxes attached

      to telephones and papers reflecting names, addresses, and/or telephone numbers; and

      telephone records reflecting local and long distance calls;[1]

    g.  Bank statements, tax records, financial statements and records, safe deposit keys, storage

---

[1] This warrant does not seek to search individual cell phones owned or possessed by employees,
owners, or managers.

unit keys, receipts, and other books and records, including records related to the purchase of real property and personal property (including automobiles, boats, jet-skis, snowmobiles, motorcycles and all-terrain vehicles), safes, lock boxes, gun safes, safe deposit boxes and, in general, any records or documents evidencing the obtaining, transfer, concealment, or expenditure of money or other assets, and/or demonstrating the laundering or use of monies generated by the employment of illegal aliens

h. Photographs of people, assets, or objects that may be related to the employment of illegal aliens or the use of fraudulent employment documents;

i. Personal effects tending to establish proprietary interest, including but not limited to, personal identification, driver's licenses, vehicle registration certificates, passports, birth certificates and deeds;

j. Employee identification documents;

k. Forms W-4 and I-9 and accompanying documents;

l. Records of business tax information including business tax returns for the tax years 2020 through the present, including W-2 forms, 1099 forms, income schedules, bank statements, cash receipts, wire transfer records, foreign bank accounts, safe deposit box records, business expense schedules, accounts receivable and payable schedules, loans, credit card information including credit card statements and applications, canceled checks or similar documents for Nutrition Bar Confectioners LLC;

m. Business records relating to Nutrition Bar Confectioners LLC, which identify employees, employee identification, employee payment methods, employee housing;

n. Employee files;

o. Business ledgers which include the amount wages paid to employees or subcontractors,

wire transfers and expenses;

p.  All correspondence between Nutrition Bar Confectioners LLC and its employees;

q.  All records concerning the business activities, payroll and/or employees of Nutrition Bar Confectioners LLC;

r.  Any records and communications tending to demonstrate knowledge of the requirements for hiring authorized individuals for employment in the United States in compliance with federal law;

s.  Records concerning any activity related to the disguising or obscuring of the employment of illegal aliens;

t.  Records concerning the identity and role of persons who collaborated, conspired, or assisted (knowingly or unknowingly) with the commission of the crimes under investigation, including records that help reveal their whereabouts;

u.  Safe deposit records and keys;

v.  Records of the acquisition or ownership of real property by or on behalf of Nutrition Bar Confectioners LLC and/or the principals of Nutrition Bar Confectioners LLC such as deeds, mortgages, contracts, closing statements, records of payment or similar documents;

w. Contents of any safes to include any and all documents and cash otherwise authorized under the search warrant;

2)    For any computer, communication device, or storage medium whose seizure is otherwise authorized by this warrant, and any computer, communication device, or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a.  evidence of who used, owned, or controlled the COMPUTER at the time the things

described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b.  evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c.  evidence of the lack of such malicious software;

d.  evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e.  evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f.  evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h.  evidence of the times the COMPUTER was used;

i.  passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j.  documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k.  records of or information about Internet Protocol addresses used by the COMPUTER;

l.  records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment. During the execution of this search warrant, the law enforcement personnel are authorized to depress the fingerprints and/or thumbprints of persons at the locations to be searched onto the Touch ID sensor of any Apple iPhone, iPad, or other Apple brand device with Touch ID in order to gain access to the contents of any such device.

3)      Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical memory devices.